# In The United States Court of Federal Claims

No. 11-541C

(Filed: November 21, 2013)

_____

NEW ORLEANS REGIONAL
PHYSICIAN HOSPITAL
ORGANIZATION, INC., d/b/a/ PEOPLES
HEALTH NETWORK,

                  Plaintiff,

  v.

THE UNITED STATES,

                  Defendant.

_____

**ORDER**

_____

On April 16, 2013, this court granted, in part, plaintiff's motion under RCFC 56(d) for limited discovery in this matter, listing out in the order the specific allegations on which discovery could proceed. On July 9, 2013, plaintiff filed a motion to compel defendant to respond to certain discovery requests. On July 25, 2013, this case was reassigned to the undersigned. After briefing on the motion to compel was completed, on October 24, 2013, the court conducted a status conference at which it discussed the pending motion. On that same day, it issued an order requiring that, on or before November 15, 2013, plaintiff either renew fully or in part its motion to compel, or file with the court a withdrawal of that motion. On November 14, 2013, plaintiff filed a motion renewing, in part, its motion to compel. In its renewed motion, plaintiff seeks to compel defendant to provide further responses to Requests for Admission Nos. 1-26, 29 and 30; Interrogatory Nos. 18 and 23; and Request for Production of Document No. 12.

The Federal Circuit has instructed that "[q]uestions [regarding] the scope and conduct of discovery are . . . committed to the discretion of the trial court." *Florsheim Shoe Co. v. United States*, 744 F.2d 787, 797 (Fed. Cir. 1984); *Jenkins v. United States*, 90 Fed. Cl. 585, 587 (2009). RCFC 26(b)(1), like its counterpart, Rule 26(b)(1) of the Federal Rules of Civil Procedure, permits broad discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." RCFC 26(b)(1); *see also Jicarilla Apache Nation v. United States,* 88 Fed. Cl. 1, 5 (2009). Relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case," *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978), and this information "need

not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." RCFC 26(b)(1); *see also Stovall v. United States*, 86 Fed. Cl. 770, 772 (2009). In this case, however, the court has permitted discovery only upon a specified set of allegations, requiring that the discovery requested be relevant to those claims or defenses.

The court will review the items covered by plaintiff's renewed motion *seriatim*.

***Requests for Admission***. RCFC 36(1)(a) states that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of RCFC 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Regarding the responses to such requests, RCFC 36(a)(4) states:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

A party may also object to a request for admission by stating the grounds for that objection. RCFC 36(a)(5). If the party requesting the admissions is dissatisfied with the response provided, it –

> may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.

RCFC 36(a)(6); *see also Amergen Energy Co., LLC ex rel. Exelon Generation Co., LLC v. United States*, 94 Fed. Cl. 413, 416 (2010). In response to such a motion, the objecting party must show that the objection to the request is warranted or that the answer to the request is sufficient.

The purpose of requests for admission is to eliminate issues over facts that are not in dispute. *See Amergen Energy Co.*, 94 Fed. Cl. at 416; *JZ Buckingham Inves. LLC v. United States*, 77 Fed. Cl. 37, 44 (2007); *see also* 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2252 (3d ed. 2013). Such requests may be used to establish facts relevant to a summary judgment motion or to determine whether genuine issues of material fact exist making the granting of such a motion inappropriate. *See United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987); *Lakeland Partners, LLC v. United States*, 88 Fed. Cl. 124, 139 (2009). The recipient of such a request may object on grounds that the admission requested is irrelevant to the case. *See Amergen Energy*, 94 Fed. Cl. at 416-17; *Estate of Cederloff v. United States*, 2010 WL 157512, at *2 (D. Md. 2010). A request for admission is

"not objectionable even if [it] require[s] opinions or conclusions of law, as long as the legal conclusions relate to the facts of the case.  Requests to admit pure conclusions of law unrelated to facts in the case are objectionable."  *Ransom v. United States*, 8 Cl. Ct. 646, 648 (1985) (interpreting Rule 36(a) of the Rules of the United States Court of Claims, which was identical to FRCP 36(a)).

Defendant's primary objection to the requests for admission are that they are vague.  Defendant particularly objects to the requests' use of terms like "directives," guidance" and "instructed."  The court notes, however, that versions of these same terms were used by Judge Miller in his April 16, 2013, order describing the allegations that would be subject to discovery.  Defendant did not seek clarification of the language in that order based upon some perceived ambiguity.  In the court's view, the words used in the requests for admission are specific enough to warrant a response.  Others of the requests at issue, indeed, are more specific (*e.g.*, admissions Nos. 12-26, and 29-30).  Defendant has failed to provide adequate responses to these requests in accordance with RCFC 36 and will be ordered to do so.

*Interrogatories*.  Where written interrogatories are served under RCFC 33, the responding party "must provide true, explicit, responsive, complete, and candid answers."  *Lakeland Partners*, 88 Fed. Cl. at 132.  Interrogatories "should be answered directly and without evasion in accordance with information that the answering party possesses after due inquiry."  *Id*. (quoting 8B Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2177 (2d ed.1994)).  For purposes of the rules, evasive or incomplete answers are treated as a failure to answer.  RCFC 37(a)(4); *see also In Re Thomas Cons. Indus., Inc.*, 456 F.3d 719, 725 (7th Cir. 2006).  Of course, a respondent may object to an interrogatory, but must do so "with specificity."  RCFC 33(b)(4); *see also Jenkins,* 90 Fed. Cl. at 587; *Enron Corp. Savings Plan v. Hewitt Assocs*., *LLC*, 258 F.R.D. 149, 159 (S.D. Tex.2009).  The party propounding the interrogatories may, as is the case here, move for an order compelling disclosure under RCFC 37(a) when an opposing party "fails" to answer an interrogatory.  RCFC 37(a)(3)(B)(iii); *see also Whitlow v. Martin*, 259 F.R.D. 349, 353 (C.D. Ill. 2009).

Two interrogatories remain at issue.  Interrogatory No. 18 requests information regarding how "other Medicare Advantage Plans or Organizations and/or Medicare+Choice Plans or Organizations and/or M+C Plans or Organizations were paid, re-paid, and/or reimbursed" for specified purposes.  While it is more than arguable that this interrogatory exceeds the scope of allowable discovery here, defendant's response, in the court's view, is adequate.  Interrogatory No. 23 essentially requires a detailed explanation of every basis, fact, witness, document and communication that supports, refers or relates to the basis of defendant's denial of any of plaintiff's requests for admissions.  In the court's view, this interrogatory overlaps with the information that must be supplied in response to a request for admissions.  *See* RCFC 36(a)(4).  To the extent that it requests information beyond the scope of what is required by that rule, the court finds that the interrogatory is not only overbroad but, via its sweeping imprecision, beyond the scope of the discovery authorized by the April 16, 2013, order.

Accordingly, the court will not grant the motion to compel as to either of the interrogatories in question.

*Document Production*.  Plaintiff's request for production No. 12 stated:

> Please provide legible photocopies of each and every document or other tangible evidence which may be offered into the record on your behalf at the trial of the merits in this Lawsuit or at any hearing in connection with this Lawsuit or in connection with any motion, dispositive or otherwise, that has been, or may be, filed in connection with this Lawsuit.  (If you have not identified all such documents and other things, produce those presently contemplated and supplement this response as others are identified).

This "everything-including-the-kitchen-sink" request far exceeds the limited scope of this court's order authorizing discovery – and, indeed, would almost certainly be objectionable, as overbroad, even were there not those limitations.  Accordingly, the court will not order defendant to respond to this production request.

      *    *    *    *    *

  To summarize, the court **GRANTS** plaintiff's motion to compel insofar as it seeks additional responses to Requests for Admission 1-26, 29-30, and **DENIES** plaintiff's motion to compel as to Interrogatories 18 and 23, as well as Request for Production 12.[1]  Defendant shall file its responses to the Requests for Admission on or before December 16, 2013.  On or before December 20, 2013, the parties shall file a **JOINT** status report proposing a plan for completing the discovery previously authorized in this matter.  The parties are reminded of the court's expectations that they will proceed in good faith and cooperation in their dealings with each other.

  **IT IS SO ORDERED**.

                     s/ Francis M. Allegra
                     Francis M. Allegra
                     Judge

---

[1] As neither side has prevailed in this motion, the court declines to award attorney's fees and costs to either party.