# In The United States Court of Federal Claims

No. 11-541C
(E-Filed: October 27, 2015)

|  |  |  |
|---|---|---|
| NEW ORLEANS REGIONAL PHYSICIAN HOSPITAL ORGANIZATION, INC., d/b/a PEOPLES HEALTH NETWORK, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Motion for Reconsideration; RCFC 54(b); Discovery; RCFC 26(b)(1) |
| v. | ) ) ) | |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) | |

Monica Ann Frois, New Orleans, La., for plaintiff.

Antonia Ramos Soares, Trial Attorney, with whom were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Robert E. Kirschman, Jr., Director, and Franklin E. White, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.

ORDER

Plaintiff, New Orleans Regional Physician Hospital Organization, Inc., d/b/a Peoples Health Network (PHN or plaintiff), has filed a motion for reconsideration of a portion of the court's August 21, 2015 Opinion and Order.[1]  Pl.'s Mot., Sept. 18, 2015, ECF No. 121-1; see generally New Orleans Reg'l Physician Hosp. Org., Inc. v. United States (New Orleans), 122 Fed. Cl. 807 (2015).  Plaintiff maintains that "the current circumstances of this case and basic principles of fairness and justice warrant reconsideration of the Court's denial of PHN's request for discovery related to other

---

[1] Plaintiff's briefing in this case generally consists of a short motion, accompanied by a more substantive memorandum in support of the respective motion.  See, e.g., ECF Nos. 33 & 33-1; 82 & 82-1; 121 & 121-1.  Although the court refers to certain filings herein as plaintiff's motion (or Pl.'s Mot.), the court is generally citing to the memoranda filed in support of said motion.

[Medicare Advantage Organizations (MAOs)]." Pl.'s Mot. 1. The United States (defendant) responds that plaintiff has failed to meet its burden of establishing that reconsideration is warranted.[2] Def.'s Resp. 4, Sept. 30, 2015, ECF No. 125.

For the reasons set forth herein, plaintiff's motion for reconsideration is **DENIED**.

I.   BACKGROUND

   A.   Breach of Contract Action

PHN is a Medicare Advantage Health Plan that provides managed care services to Medicare recipients in approximately fifteen Louisiana parishes around New Orleans.[3] Am. Compl. ¶¶ 1, 9, Oct. 21, 2011, ECF No. 6-1. In August 2005, PHN had approximately 35,000 Medicare Advantage enrollees. Id. ¶ 11. This amounted to roughly 70% of all beneficiaries enrolled in Medicare Advantage plans in New Orleans. Id. Between January 1, 2004 and December 31, 2006, PHN contracted with the Centers for Medicare and Medicaid Services (CMS), part of the United States Department of Health and Human Services (HHS), through two Medicare Advantage contracts. Id. ¶¶ 7, 8. Pursuant to these contracts, CMS made monthly payments to PHN to cover the medical costs of PHN's Medicare recipients. Id. ¶ 9.

Hurricane Katrina struck the New Orleans area on August 29, 2005, and Hurricane Rita followed a few weeks later. Id. ¶¶ 10, 12. As a result of the levee failures around New Orleans and other damage caused by the hurricanes, most of the city's residents left New Orleans—and therefore PHN's service area—for extended periods of time. Id. ¶ 12.

PHN alleges that, in early September 2005 and repeatedly thereafter, CMS "unilaterally modified" the contracts in order to ensure that PHN's Medicare Advantage enrollees continued receiving medical services regardless of where they had settled and regardless of the prevailing reimbursement rates for Medicare Advantage Plans or medically-related services in those areas. Id. ¶ 13. PHN also alleges, among other things, that CMS reduced its monthly payments to PHN based on the new, temporary domiciles of PHN's re-located enrollees. Id. ¶ 14. According to PHN, CMS made "oral representations" that it would reimburse PHN for the higher costs arising from defendant's unilateral contract modifications and directives, but has since refused to

---

[2]   Attached to defendant's response is an appendix (Def.'s App.), ECF No. 125-1, consisting of various documents to which the court cites herein.

[3]   On August 26, 2011, PHN filed its complaint in this court. Compl., ECF No. 1. On October 21, 2011, PHN filed an amended complaint correcting a typographical error. See Pl.'s Mot. Amend Pleadings, ECF No. 6; Am. Compl, ECF No. 6-1.

provide any reimbursement.  Id. ¶¶ 18, 22.  PHN avers that these unilateral modifications were in breach of both contracts, causing PHN damages in excess of $27 million.  Id. ¶¶ 20–23.

      B.     Summary of the Procedural History and Relevant Discovery Disputes[4]

On June 1, 2012, the court put in place a discovery schedule.  Order, ECF No. 20.  Since that time, the parties have been entangled in numerous discovery and scheduling disputes.

On November 29, 2012, PHN served CMS with written discovery requests.  See Def.'s App. A001–14, ECF No. 125-1.  Relevant here are request for production numbers 11 and 27, which state, in pertinent part:

Request for Production No. 11:

     Please produce legible photocopies of any and all documents [and] communications . . . of any kind evidencing instructions . . . provided by you to any [MAO] . . . following Hurricane Katrina and/or Hurricane Rita, pertaining to, among other things, reimbursement, medically-related services, enrollee's domicile, displaced enrollees, relocated enrollees, medical management, cost-sharing, co-pays, out-of-pocket expenses, deductibles, utilization of services to enrollees, and/or prior medical authorization requirements.

    . . . .

Request for Production No. 27:

     Please produce legible photocopies of all documents that refer to or relate to how and what other [MAOs] were paid, re-paid, and/or reimbursed by you following Hurricanes Katrina and Rita for monies lost and/or increased costs borne as a result of and/or related to alternations of standard and/or general requirements for referrals, prior authorizations, cost-sharing, area-of-service, enrollment, re-enrollment, disenrollment, and risk scores.

Id. at A008, A011.  CMS's contracts with other MAOs are substantially the same as its

---

[4] A more complete history of the parties' discovery disputes is provided in the court's August 21, 2015 order.  New Orleans Reg'l Physician Hosp. Org., Inc. v. United States (New Orleans), 122 Fed. Cl. 807, 810–13 (2015).

contracts with PHN.  See Pl.'s Mot. 4.

Instead of responding to the requests for fact discovery, defendant moved for summary judgment on various grounds on January 31, 2013.  Def.'s Mot., ECF No. 26.  Defendant argued that the contracts at issue incorporate section 1135 of the Social Security Act, and thereby authorize the Secretary of HHS to waive certain Medicare requirements during public health emergencies.  See id. at 19–28.  Defendant also argued that PHN's claim that CMS orally represented that it would reimburse PHN for its hurricane-related financial losses fails as a matter of law because the subject contracts, by their terms, could be modified only in writing.  See id. at 32–34.

On February 19, 2013, plaintiff filed a motion pursuant to Rule 56(d) requesting that the summary judgment motion either be deferred or denied, to allow for limited discovery.  Pl.'s Rule 56(d) Mot., ECF No. 29.  On March 5, 2013, plaintiff filed its first motion to compel, requesting that the court compel defendant to produce full and complete responses to plaintiff's first set of interrogatories and requests for production.  Pl.'s 1st Mot. Compel 1, ECF No. 33.

On April 16, 2013, Judge George W. Miller—to whom the case was then assigned—entered an order staying further briefing on defendant's summary judgment motion and authorizing plaintiff to engage in a limited, ninety-day period of discovery.  See Order, ECF No. 46.  Judge Miller permitted plaintiff to "undertake discovery in support of the allegations contained in plaintiff's amended complaint, [specifically, the claim] that beginning in early September 2005, CMS unilaterally modified its contract with plaintiff" as well as the following matters identified in plaintiff's reply brief in support of its Rule 56(d) motion:

> 1. The metes and bounds of the waivers issued, and "CMS's instructions, either orally or in writing, that PHN was to provide services and/or benefits beyond the scope and/or term of the section 1135 waivers issued and beyond the terms of the parties' contract(s);"
> 2. CMS's promises to reimburse PHN for the extra costs associated with providing services to displaced enrollees; and
> 3. The alleged oral modifications made to the contracts at issue.

Id. at 1–2; see Pl.'s Rule 56(d) Reply 3 ¶¶ (a), (b), (d), ECF No. 44-1.  Notably absent from this order is express authority for PHN to undertake discovery regarding CMS's treatment of other MAOs.

On June 3, 2013, defendant served upon plaintiff its objections and responses to plaintiff's requests for production.  Def.'s App. A015–018.  Defendant objected to

4

plaintiff's request for production numbers 11 and 27 because they were "beyond the scope of the court's April 16, 2013 order, which limits discovery to seven enumerated categories, none of which relate to any other [MAO]." Id. at A016–017.

On July 9, 2013, plaintiff filed a second motion to compel, alleging that defendant failed to provide adequate responses to its discovery requests. Pl.'s 2d Mot. Compel, ECF No. 64-2. Plaintiff did not address defendant's objection to its request for production number 11. As to defendant's objection to its request for production number 27, plaintiff argued that payments made to other MAOs are directly related to the following two categories identified in the court's April 16, 2013 discover order: "CMS's promises to reimburse PHN for the extra costs associated with providing services to displaced enrollees and oral modifications of the contracts at issue and PHN's required compliance with the same." Id. at 15–16.

On October 24, 2013, Judge Francis M. Allegra—to whom the case had been reassigned—issued an order directing plaintiff to "either renew fully or in part, or file with the court a withdrawal of, its [second] motion to compel." ECF No. 74. Further to that order, on November 14, 2013, plaintiff filed a motion to renew, in part, its second motion to compel. ECF No. 75. Notably, plaintiff did not renew its motion to compel defendant to respond to its request for production number 27, and again plaintiff failed to address its request for production number 11.[5] See id. at 3. On November 21, 2013, Judge Allegra entered an order granting-in-part and denying-in-part plaintiff's renewed motion to compel. Order, ECF No. 76.

C.   The Court's August 21, 2015 Opinion and Order

On June 19, 2014, PHN filed its third motion to compel. Pl.'s 3d Mot. Compel, ECF No. 82-1. Plaintiff requested, inter alia, "that the Court order CMS to make a full and complete re-production of documents and communications responsive to the First Set of Requests for Production of Documents." Id. at 5 n.2; see Def.'s App. A001–14 (plaintiff's first set of requests for productions of documents). Plaintiff made explicit reference to request for production numbers 11 and 27. Pl.'s 3d Mot. Compel 4–5. Plaintiff stated that "communications between CMS personnel and other MAO's[] are critical to PHN's claims against CMS and allegations that CMS unilaterally modified the contracts between the parties." Id. at 15.

---

[5]   Plaintiff reserved the right to seek supplementation from defendant and/or file any additional motion(s) to compel related to discovery not referenced in its motion "following the Court's ruling on the defendant's Motion for Summary Judgment." ECF No. 75.

In its reply brief in support of its motion, plaintiff pointed to the government's "voluntar[y] produc[tion]" of minutes from a November 2005 call with another MAO, Humana of Louisiana (Humana), as support for its contention that it should be entitled to discovery related to CMS's treatment of other MAOs. Pl.'s Reply 3d Mot. Compel 15, ECF No. 109. The minutes purportedly suggested that Humana was permitted to return to normal plan rules much earlier than PHN.[6] Id.; see infra Part III.A (addressing the minutes in more detail). Plaintiff argued that the minutes were "relevant to PHN's claims as [they] bear[] on the instructions given by CMS—which were apparently different between MAOs[—]as eight months later PHN was denied permission to return to normal plan rules." Pl.'s Reply 3d Mot. Compel 15. Plaintiff referenced the alleged "disparities between the treatment of Humana and PHN" during a June 2014 deposition of CMS division director Michael Fiore, who "acknowledged that it would have been 'wholly inappropriate' for CMS to allow Humana or other [MAOs] to return to normal plan rules while instructing PHN to continue to waive plan rules." Id. at 15 n.30 (quoting Pl.'s Reply 3d Mot. Compel App. 9). Plaintiff further argued that such discovery was relevant under the court's April 16, 2013 order. Id. at 15.

On August 21, 2015, the undersigned—to whom the case had been reassigned—denied plaintiff's request for discovery relating to CMS's treatment of other MAOs, holding that it "is not relevant to the resolution of defendant's motion for summary judgment and falls outside of the scope of the limited discovery permitted by this court's previous orders." New Orleans, 122 Fed. Cl. at 819. The undersigned reasoned:

> Judge Miller's April 16, 2013 order set specific limitations for the discovery in this case. Order, ECF No. 46. The order allowed plaintiff to undertake discovery in support of its claims that "CMS unilaterally modified its contract with plaintiff." Id. at 1 (emphasis added). The order also permitted plaintiff to conduct discovery on three other categories of instructions, promises, and assertions made by CMS to PHN. Id. at 1–2. The order did not mention any other MAOs or any issues that could turn on CMS's communications with other MAOs.
>
> Plaintiff has not put forth any satisfactory argument in its briefs to justify a modification of the discovery limits established in the April 16, 2013 order. Plaintiff also fails to explain how the treatment of other MAOs is

---

[6] Plaintiff did not provide a copy of the minutes in support of its third motion to compel. Defendant has since provided a copy of the minutes as part of its appendix in support of its response to plaintiff's motion for reconsideration. See Def.'s App. 049–050 (suggesting that Humana was permitted to return to normal plan rules on November 30, 2005).

6

relevant to its claims that CMS breached its contracts with PHN. See RCFC 26(b)(1) (allowing discovery on "any nonprivileged matter that is relevant to any party's claim or defense"); Oenga v. United States, 78 Fed. Cl. 427, 431 (2007) ("Relevance to a dispute constitutes the basic standard governing the discoverability of requested material.").

Id.

## II. LEGAL STANDARDS

The "court[] possess[es] inherent authority to modify interlocutory orders prior to the entering of final judgment in a case." Martin v. United States, 101 Fed. Cl. 664, 671 (2011), aff'd sub nom. Fournier v. United States, No. 2012-5057, 2012 WL 6839784 (Fed. Cir. Nov. 27, 2012); see also Wolfchild v. United States, 68 Fed. Cl. 779, 785 (2005). A motion for reconsideration of an interlocutory order is governed by Rule 54(b) of the Rules of the United States Court of Federal Claims (RCFC). Barry v. United States, 103 Fed. Cl. 425, 429–430 (2012), aff'd sub nom. Fournier, No. 2012-5071, 2012 WL 6839784; L-3 Commc'ns Integrated Sys., L.P. v. United States (L-3), 98 Fed. Cl. 45, 48 (2011). Rule 54(b) provides that an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." RCFC 54(b).

"Reconsideration under RCFC 54(b) is available 'as justice requires.'" Martin, 101 Fed. Cl. at 671 (quoting L-3, 98 Fed. Cl. at 48). "The 'as justice requires' standard amounts to determining whether reconsideration is necessary under the relevant circumstances." L-3, 98 Fed. Cl. at 49 (internal quotation marks and alteration omitted). Although "the threshold for reconsideration under RCFC 54(b) is imprecise, it certainly 'leaves within [its] ambit . . . a good deal of space for the Court's discretion.'" Martin, 101 Fed. Cl. at 671 (alterations in original) (quoting Cobell v. Norton, 224 F.R.D. 266, 272 (D.D.C. 2004)).

"Despite the flexible standards governing reconsideration herein and the discretion afforded the trial court, reconsideration is 'not intended . . . to give an unhappy litigant an additional chance to sway the court.'" Id. (internal citation and quotation marks omitted) (quoting Matthews v. United States, 73 Fed. Cl. 524, 525 (2006)). Thus, a party "must do more than merely reassert[ ] arguments which were previously made and were carefully considered by the court." Bannum, Inc. v. United States, 59 Fed. Cl. 241, 243 (2003) (internal quotation marks omitted); Seldovia Native Ass'n v. United States, 36 Fed. Cl. 593, 594 (1996) ("[A] motion for reconsideration . . . should not be based on evidence that was readily available at the time the motion was heard.").

III.   DISCUSSION

As discussed in more detail above, see supra Part I.C, in its August 21, 2015 order, the court denied plaintiff's request for discovery relating to CMS's treatment of other MAOs. New Orleans, 122 Fed. Cl. at 819. The court found that plaintiff had failed to establish that this information was relevant to its claims and further concluded that this information fell outside the scope of the court's April 16, 2013 discovery order. Id. Plaintiff requests that the court reconsider this portion of its order. Pl.'s Mot. 1, 4.

Defendant responds that plaintiff has failed to meet its burden of establishing that reconsideration is warranted. See Def.'s Resp. 6–9. Notwithstanding plaintiff's contentions to the contrary, defendant argues that "the Court correctly concluded that discovery as to other MAOs was irrelevant to the issues in the Government's pending motion for summary judgment and . . . was beyond the scope of the Court's April 2013 discovery order."[7] Id. at 6.

   A.   Discovery Related to Other MAOs Is Not Relevant

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." RCFC 26(b)(1). Relevant information includes "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case," Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978), and this information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence," RCFC 26(b)(1); cf. Pl.'s Mot. 5 (arguing that "discovery on this issue is reasonably calculated to lead to the discovery of admissible evidence").

---

[7]   Defendant also contends that PHN abandoned its challenge to defendant's objections to discovery related to other MAOs in its November 2013 motion to renew its second motion to compel and therefore, plaintiff has waived the opportunity to seek such discovery now. Def.'s Resp. 9–10; see supra Part I.B (discussing plaintiff's motion to renew its second motion to compel and noting that plaintiff did not address in that motion request for production numbers 11 or 27). Defendant argues that "PHN's attempt to now revisit an issue it withdrew from the Court's consideration almost two years ago is not the type of maneuver that satisfies the standard for reconsideration under this Court's rules." Def.'s Resp. 9. Plaintiff submits that "the full relevance" of CMS's treatment of other MAOs did not become clear until June 2014, when PHN deposed certain government's witnesses. See Pl.'s Reply 9, ECF No. 128. Because the court denies plaintiff's motion for reconsideration on other grounds, the undersigned deems it unnecessary to resolve whether plaintiff has waived its opportunity to argue that it is entitled to discovery related to other MAOs.

Defendant argues that "[t]his litigation involves CMS's alleged breach of its contracts with PHN and, thus, only discovery regarding PHN—not other MAOs—is relevant to the Court's disposition of the Government's pending motion for summary judgment." Def.'s Resp. 9.  Defendant contends that its summary judgment motion is "confined to legal issues based on the governing statues and regulations, as well as the express terms of the Medicare Advantage contracts at issue." Id. at 2; see id. at 7–8 (identifying eight legal issues in its dispositive motion).  Included among these legal issues are:  (1) whether the subject contracts could be modified only by writing; and (2) whether PHN assumed the risk of hurricane-related financial losses.  See id. at 7–8.

Plaintiff argues that CMS's treatment of other MAOs is relevant to both of these legal issues.  Pl.'s Reply 1.  As to the government's contention that the subject contracts were not subject to oral modification, "PHN believes that the Government not only unilaterally modified its contracts with PHN, but also modified its contracts with other MAOs." Id. at 8.  Based on this belief, plaintiff contends it "is entitled to discovery regarding whether the Government orally modified the terms of its MAO contracts, or ever modified or deviated from the strict terms of a MAO contract without a written agreement." Id. (citing case law).  And as to the government's contention that PHN assumed the risk of hurricane-related financial loss, id. at 5–6 (pointing to defendant's summary judgment motion), plaintiff posits that CMS breached its implied duty of good faith and fair dealing by interfering with PHN's performance under the contracts and destroying PHN's reasonable expectations regarding the "fruits" of the contracts,[8] id. at 6–7 (citing Centex Corp. v. United States, 395 F.3d 1283, 1304 (Fed. Cir. 2005)).  Plaintiff submits that PHN's reasonable expectations "did not include placing sole financial responsibility for the risk of a natural disaster on PHN" and thus, it is entitled to examine whether Humana raised this issue with CMS, prompting CMS to allow Humana to return to normal plan rules.  Id. at 7.

Plaintiff further argues the government's production of the November 2005 Humana minutes, put its treatment of other MAOs at issue, and that denying plaintiff the opportunity to examine why CMS treated another MAO subject to identical contracts differently would be "unjust." Id. at 5; see also Pl.'s Mot. 5.  Plaintiff contends that "a party that puts forth one document to support its position cannot then close the door on other documents that contextualize, relate to, or support or refute that position." Pl.'s Reply 2 (citing United States v. Shakur, No. 97-2908, 1998 WL 740922, at *2 (S.D.N.Y.

---

[8]     The court observes that plaintiff does not explicitly allege in its Amended Complaint that CMS breached its implied covenant of good faith and fair dealing.  See generally Am. Compl.

9

Oct. 21, 1998) ("In short, production accompanied by advocacy opens the door to advocacy by the other side, and that necessarily implies access.")). Plaintiff advocates against "selective consideration of the already-produced minutes." Id.

Defendant counters that its production of the Humana minutes was inadvertent, Def.'s Resp. 8 n.2, a contention that plaintiff disputes, Pl.'s Reply 2–3.[9] In plaintiff's view, the government intentionally produced the minutes to support its position that PHN was not required to comply with the waivers.[10] See Pl.'s Mot 4; Pl.'s Reply 2, 4–5. Plaintiff submits that "[t]he Government took the position in its [summary judgment motion] essentially that such losses were voluntary on the part of PHN because PHN – and not the Government – made the decision that PHN would not return to normal plan rules as early as it could have." Pl.'s Mot. 5; see supra Part I.C (addressing a similar argument made by plaintiff in support of its third motion to compel). Plaintiff points to the June 2014 deposition of Arthur Pagan, a government witness, in which he referenced Humana's return to normal plans rules "in support of his testimony that PHN created an 'unlevel playing field' for other MAOs by continuing to suspend normal plan rules." Pl.'s Reply 3 (quoting Pagan Dep. 24:20–24, ECF No. 128-4); see also id. at 4–5 (stating that "the Governments' own witnesses affirmatively cited to Humana's return to normal plan rules—a return that could have only occurred with CMS's approval—as evidence of PHN's violation of its agreement"); Pl.'s Mot. 2–3 (referencing deposition testimony of CMS Division Director Michael Fiore and former Account Manager Ruth Geisler that "confirmed" that CMS ultimately denied PHN's July 2006 request to return to normal plan rules).

Defendant responds that "[t]he notion that the Government could cherry pick documents for production in 'support' of a position is absurd." Def.'s Resp. 8. As to plaintiff's reliance on the deposition testimony of government witnesses, defendant notes that the identified deponents were responding to questions raised by counsel for PHN. To the extent that "PHN interprets [these responses] as helpful to its theory of the case,"

---

[9] In support of its position that the government intentionally produced the document, plaintiff points to the following factors: the document was produced "years ago" and the government has never requested that it be returned; plaintiff introduced the document during a June 2014 deposition of Michael Fiore, whom it questioned "at length about the Government's decision to permit Humana to return to normal plan rules in 2005;" and plaintiff cited to the document in its briefing over six months ago. Pl.'s Reply 2–3.

[10] Central to plaintiff's claim is its contention that PHN's compliance with the alleged "unilateral modifications was mandatory," and that CMS "refused to allow PHN to return to normal plan rules until years after Hurricane Katrina." Pl.'s Mot. 4; accord Pl.'s Rule 56(d) Mot. 8.

defendant maintains that "PHN's theory of the case . . . is irrelevant to [its] pending dispositive motion."  Id.

The court takes at face value defendant's assertion that the Humana minutes were produced inadvertently.  And, as the court found in its August 21, 2015 decision, see New Orleans, 122 Fed. Cl. at 819, the court again finds that plaintiff has failed to explain how this alleged differential treatment is relevant to its claims that CMS breached its contracts with PHN.  Plaintiff's instant attempts to link CMS's treatment of other MAOs to certain legal arguments made in defendant's summary judgment motion are unpersuasive.  See Pl.'s Reply 1.  Further, these are arguments that plaintiff did not advance in its earlier briefing in support of its third motion to compel.  See Martin, 101 Fed. Cl. at 671 ("[R]econsideration is 'not intended . . . to give an unhappy litigant an additional chance to sway the court." (quoting Matthews, 73 Fed. Cl. at 525)).  Simply stated, plaintiff has failed to demonstrate that justice requires modifying the court's August 21, 2015 order.  See id.

> B. Discovery Related to Other MAOs Falls Outside the Scope of the Court's April 16, 2013 Discovery Order

As previously discussed, see supra Part I.B, on April 16, 2013 this court entered an order that authorized plaintiff to engage in limited discovery, see Apr. 16, 2013 Order 1; see Nov. 21, 2013 Order 2 (observing that "the court has permitted discovery only upon a specified set of allegations, requiring that the discovery requested be relevant to those claims or defenses").  In its August 21, 2015 order, the court observed that the April 16, 2013 order "did not mention any other MAOs or any issues that could turn on CMS's communications with other MAOs," and further found that plaintiff had failed to "put forth any satisfactory argument in its briefs to justify a modification of the discovery limits established in the April 16, 2013 order."  New Orleans, 122 Fed. Cl. at 819.

For the first time in its motion for reconsideration, plaintiff summarily argues that CMS's treatment of other MAOs "goes to the very heart of the 'metes and bounds' of the waiver."  Pl.'s Mot. 4; see also id. at 5 (similar); cf. Apr. 16, 2013 Order 1 (permitting plaintiff to conduct discovery on "the metes and bounds of the waivers issued").  Plaintiff also argues that discovery of CMS's treatment of other MAOs would "corroborate[] additional breaches and unilateral modifications by the Government."  Pl.'s Mot. 4.  Plaintiff's attempt to shoehorn this discovery request into a matter expressly permitted by the court's April 16, 2013 order is unavailing.  And as the court observed in its August 21, 2015 order, the April 16, 2013 discovery order was tailored to permit "plaintiff to undertake discovery in support of its claims that 'CMS unilaterally modified its contract with plaintiff.'"  New Orleans, 122 Fed. Cl. at 819 (quoting Apr. 16, 2013 order).

IV.     CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration is **DENIED**. Should any of plaintiff's claims survive defendant's summary judgment motion, plaintiff may renew its request for discovery related to other MAOs.

IT IS SO ORDERED.

s/ Patricia E. Campbell-Smith
PATRICIA E. CAMPBELL-SMITH
Chief Judge